MICHAEL S. HANAN
MHANAN@GORDONREES.COM



*Admitted In: NJ, NY & PA*

ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
PHONE: (973) 549-2500
FAX: (973) 377-1911
WWW.GORDONREES.COM

September 27, 2018

**Via ECF**

Hon. Renee Marie Bumb, U.S.D.J.
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: **Bittner v. Waterford Township School District,** *et al.*
     **Civil Action No. 1:18-cv-10990**

Dear Judge Bumb:

  We represent defendant New Jersey School Boards Association ("NJSBA") in the above-referenced action. NJSBA seeks to file a motion to dismiss the Complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). In furtherance of Section I.A. of Your Honor's Rules and Procedures, NJSBA respectfully requests a pre-motion conference.

**A.** **Background**

  This lawsuit stems from the selection by the Waterford Township Board of Education ("WBOE") of the school district superintendent – Jason Eitner. To this end, it is alleged that WBOE hired NJSBA to assist with the search for its next superintendent. *See* Docket No. 1 (Complaint) at ¶ 5. It is further alleged that WBOE ultimately decided to hire Jason Eitner. *See id.* at ¶ 7. After being hired, Plaintiffs allege that Defendant Jason Eitner began to "engage in a pattern all of harassment, intimidation, hostility and similar conduct directed against the plaintiffs." *See id.* at ¶ 18. In or about February 2017, WBOE entered into a separation agreement with Defendant Eitner to be effective on or about March 14, 2017. *See id.* at ¶ 105.

  In short, as against NJSBA, Plaintiff Daniel Bittner ("Plaintiff") has asserted a single hybrid claim labeled: "Negligence/Breach of Contract" and NJSBA seeks dismissal of this claim as set forth below.

**B.** **Count Four – Negligence**

  As a threshold matter, Plaintiff's negligence claim is barred by the notice provisions of the New Jersey Tort Claims Act (the "TCA"). *See* N.J. STAT. ANN. § 59:1-1, *et seq.* In this regard, NJSBA falls within the definition of a public entity under the TCA as it is, among other things, a federation of boards of education created by the New Jersey Legislature, all of its employees are members of the Public Employees' Retirement System, it is funded by taxpayer

Hon. Renee Marie Bumb, U.S.D.J.
September 27, 2018
Page 2

funds in the form of dues, and its governing board consists of various elected local school board members. *See Otchy v. City of Elizabeth Bd. of Educ.*, 325 N.J. Super. 98, 109 (App. Div. 1999) (concluding that the TCA applies to boards of education); *see also Fair Share Hous. Ctr., Inc. v. N.J. State League of Municipalities*, 207 N.J. 489 (2011) (holding that the New Jersey State League of Municipalities, which represents all municipalities in the state (and has very similar characteristics to NJSBA), is considered a public agency for purposes of OPRA).

Under the notice provisions of the TCA, Plaintiff was required to serve the appropriate notice of claim within 90 days after accrual of the cause of action. *See* N.J. STAT. ANN. § 59:8-8. Here, no notice of claim was ever provided to NJSBA nor did NJSBA otherwise receive notice of this lawsuit until service was acknowledged on August 27, 2018 – well over a year after Defendant Eitner ceased working as the superintendent. *See* Dkt. Nos. 12 and 1 at ¶ 105. As a result, it is undisputed that Plaintiff failed to comply with the applicable notice provisions and, as such, his negligence claim asserted against NJSBA should be dismissed.

To the extent that Plaintiff could somehow overcome his failure to comply with the notice provisions of the TCA, his negligence claim still falls flat as he is unable to comply with the TCA's verbal threshold. N.J. STAT. ANN. § 59:9-2(d) states in relevant part:

> No damages shall be awarded against a public entity . . . for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

*See* N.J. Stat. Ann. § 59:9-2(d) (2018); *Ali v. Jersey City Parking Auth.*, Civ. No. 2:13-cv-02678 (SDW) (MCA), 2014 U.S. Dist. LEXIS 52547, at *12-13 (D.N.J. Apr. 16, 2014) (dismissing claim for tort-based emotional distress damages for failure to plead allegations sufficient to satisfy the verbal threshold); *Gretzula v. Camden Cty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 490-91 (D.N.J. 2013) (dismissing plaintiff's claim for emotional distress under verbal threshold because plaintiff merely alleged pain and suffering damages and did not allege permanent loss of bodily function, disfigurement or dismemberment, or medical expenses exceeding $3,600).

Based upon a review of the operative pleading, Plaintiff, at best, alleges that he purportedly experienced "mental anguish and/or emotional distress." *See* Complaint at ¶ 136. This, of course, fails to satisfy the TCA's damage threshold. Significantly, it is undisputed that Plaintiff has failed to allege that he suffered a permanent loss of bodily function, permanent disfigurement or dismemberment, or that his medical expenses exceeded $3,600. Based upon his lack of compensable damages, his negligence claim should be dismissed.[1]

---

[1] To the extent that any cross-claims have been filed against NJSBA, they are likewise barred under the TCA. *See Jones v. Morey's Pier, Inc.*, 230 N.J. 142 (2017) (holding that where a defendant does not serve a timely notice of claim on a public entity, the defendant's cross-claims for contribution and indemnification against the public entity are barred).

Hon. Renee Marie Bumb, U.S.D.J.
September 27, 2018
Page 3

Additionally, even if Plaintiff's negligence claim was not barred by the TCA (which it is), this claim is still deficient and should be dismissed for failure to state a claim because the allegations in the Complaint do not properly support a negligence claim against NJSBA. It is well-settled that in order to establish a *prima facie* case of negligence, a plaintiff must allege: (1) a duty of care owed to the plaintiff; (2) breach of that duty; (3) proximate cause; and (4) resultant damages. *See D'Alessandro v. Hartzel*, 422 N.J. Super. 575, 579 (App. Div. 2011).

Here, Plaintiff fails to allege – nor can he – that NJSBA owed him a duty of care. Given that NJSBA contracted with the WBOE in connection with the subject superintendent search, the only duties and obligations relating to this matter were governed by that contract. As a result, Plaintiff has not properly pled a cause of action for negligence against NJSBA.

C. **Count Four – Breach of Contract**

As a tacit admission that he failed to properly comply with the notice provisions of the TCA in connection with any tort-based claim asserted against NJSBA, Plaintiff attempts (albeit unsuccessfully) to advance a breach of contract claim against NJSBA.

It is well-settled under New Jersey law that in order to properly plead a cause of action for breach of contract, the plaintiff must allege: (1) the existence of a contract between the parties; (2) a breach of that contract; (3) damages flowing from the breach of the contract; and (4) that the plaintiff performed its own contractual duties. *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735 (D.N.J. 2008); *see also Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002).

Here, there is no allegation that there was a contract between Plaintiff and NJSBA – and that is because one did not exist. *See* Complaint at ¶¶ 126-136. Moreover, Plaintiff generally alleges that "NJSBA breached its contractual obligations," yet, fails to actually identify which specific obligations were breached or the specific conduct which gave rise to the purported breach. *See id.*

Further, since the parties did not enter into a contract, Plaintiff does not and cannot allege that he performed his own contractual duties. As a result, Plaintiff has failed to plead a viable breach of contract claim against NJSBA. Thus, this claim should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

For the reasons set forth above, NJSBA seeks to file a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). We thank Your Honor for your courtesies and attention to this matter.

Respectfully submitted,

*/s/ Michael S. Hanan*

Michael S. Hanan

cc:   All counsel of record (via ECF)