MICHAEL S. HANAN
MHANAN@GORDONREES.COM



*Admitted In:  NJ, NY & PA*

ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ  07932
PHONE: (973) 549-2500
FAX: (973) 377-1911
WWW.GORDONREES.COM

February 4, 2020

<u>**Via ECF**</u>

Hon. Karen M. Williams, U.S.M.J.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: **Bittner v. Waterford Township School District,** *et al.*
      **Civil Action No. 1:18-cv-10990 ("Bittner Action")**

      **Borrelli v. Waterford Township School District,** *et al.*
      **Civil Action No. 1:18-cv-12121 ("Borrelli Action")**

      **Chiodi v. Waterford Township School District,** *et al.*
      **Civil Action No. 1:18-cv-12084 ("Chiodi Action")**

Dear Judge Williams:

  This firm represents proposed third-party defendant, New Jersey School Boards Association ("NJSBA") in the above-referenced actions.  We write in response to the January 28, 2020 correspondence of the Waterford Township Board of Education, Roseanna Iles, Francis DiRocco, Maria Yeatman, Robert Walsh, and Eva Suriani (collectively, the "Waterford Defendants").

  The Waterford Defendants contend there is an "actual conflict" pursuant to RPC 1.9 arising from this firm's continued representation of NJSBA.  The purported conflict is based on the fact that attorney Scott Heck, who was involved in the representation of the Waterford Defendants at his prior law firm, Scarinci and Hollenback, has now joined Gordon & Rees LLP.

  When Mr. Heck returned to Gordon & Rees, NJSBA was not a party to this case.  To the contrary, NJSBA has been dismissed with prejudice by plaintiffs [ECF No. 30]; and had been dismissed without prejudice by the Waterford Defendants' [ECF No. 34].  The Waterford defendants' motion to amend their answer – in order to attempt to bring NJSBA back into this case as a third-party defendant – had been pending at the time Mr. Heck re-joined Gordon & Rees; and the motion was not granted until several months thereafter, on January 13, 2020. NJSBA now has until February 13, 2020 to answer move or otherwise respond – and as we

Hon. Karen M. Williams, U.S.M.J.
February 4, 2020
Page 2

indicated during the court's most recent phone conference, NJSBA believes it is an improper third-party defendant in this case.

Further, Gordon & Rees, upon screening Mr. Heck for re-employment, learned of the potential conflict and immediately enacted an appropriate ethical wall to ensure that Mr. Heck would not be privy to documents or discussions regarding this case.

NJSBA intends to move to dismiss the third-party complaint. If that motion is granted, any potential conflict would be moot. Even if the motion is denied and discovery ensues, no conflict exists given that Mr. Heck would not be involved in those activities.

Accordingly, it is NJSBA's position that there is no basis to disqualify this firm as counsel for NJSBA, and that it is appropriate for Gordon & Rees to continue to represent NJSBA.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Michael S. Hanan*

Michael S. Hanan

cc:   All counsel of record (via ECF)