[Case No. 18-10990, Docket No. 110]
[Case No. 18-12084, Docket No. 96]
[Case No. 18-12121, Docket No. 96]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DANIEL BITTNER and PAULINE BITTNER,<br><br>            Plaintiffs,<br><br>      v.<br><br>WATERFORD TOWNSHIP SCHOOL DISTRICT, et al.,<br><br>            Defendants. | Civil No. 18-10990 (RMB/KMW)<br><br>**OPINION** |
| PATRICIA CHIODI,<br><br>            Plaintiff,<br><br>      v.<br><br>WATERFORD TOWNSHIP SCHOOL DISTRICT, et al.,<br><br>            Defendants. | Civil No. 18-12084 (RMB/KMW)<br><br>**OPINION** |
| DEBORAH BORRELLI and DAVID BORRELLI,<br><br>            Plaintiffs,<br><br>      v.<br><br>WATERFORD TOWNSHIP SCHOOL DISTRICT, et al.,<br><br>            Defendants. | Civil No. 18-12121 (RMB/KMW)<br><br>**OPINION** |

**APPEARANCES:**
SAUL J. STEINBERG
ZUCKER STEINBERG & WIXTED, PC
415 FEDERAL STREET
CAMDEN, NEW JERSEY 08103

> *On behalf of Plaintiffs Daniel Bittner, Pauline Bittner, Patricia Chiodi, Deborah Borrelli, and David Borrelli*

ROSHAN DEVEN SHAH
ANDERSON & SHAH, LLC
457 HADDONFIELD ROAD
CHERRY HILL, NEW JERSEY 08002

> *On behalf of Defendants Waterford Township Board of Education, Roseanna Iles, Francis Dirocco, Marie Yeatman, Robert Walsh, and Ava Suriani*

ANDREW WEI LI
PARKER MCCAY, P.A.
9000 MIDLANTIC DRIVE
SUITE 3000
MOUNT LAUREL, NEW JERSEY 08054

> *On behalf of Defendant Jason Eitner*

ASHLEY LAUREN TOTH and MATTHEW J. BEHR
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 MIDLANTIC DRIVE
SUITE 200
P.O. BOX 5429
MOUNT LAUREL, NEW JERSEY 08054

> *On behalf of Third-Party Defendant New Jersey School Boards Association*

**RENÉE MARIE BUMB**, **United States District Judge**

This matter comes before the Court on the Motions to Dismiss Third-Party Plaintiffs' Complaints brought by Third-Party Defendant New Jersey School Boards Association ("NJSBA"). For the

reasons expressed below, the Court will grant NJSBA's Motions, in part, and deny them, in part.

I. **BACKGROUND**[1]

These cases (the "Cases") stem from the hiring of Defendant Jason Eitner to be the Superintendent of co-Defendant/Third-Party Plaintiff Waterford Township Board of Education (the "BOE," improperly pled as "Waterford Township School District"). Plaintiffs are all employees or former employees of the District who allege that they were discriminated against by Eitner during his time as Superintendent.[2] The Motions before the Court stem from the Third-Party Complaints filed by the BOE in each of the Cases before the Court.[3] The BOE alleges that it entered into a Standard Superintendent Search Agreement (the "Agreement") with the NJSBA on April 3, 2015. [Third-Party Complaints, ¶ 1.] The Agreement

---

[1] This factual background is taken from the Complaints, exhibits attached thereto, and matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (stating that a court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record") (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

[2] There are three suits pending before the Court, as listed above. For the purposes of this Opinion, the Court will not differentiate between the three Cases, as the Third-Party Complaints filed in each of them, as well as the reasoning for the Court's decision on each of the Motions to Dismiss, are essentially identical.

[3] These Third-Party Complaints were also brought by Roseanna Iles, Francis DiRocco, Maria Yeatman, Robert Walsh, and Eva Suriani. However, those individuals conceded that their claims can be dismissed. Therefore, the Court will dismiss their claims.

allegedly provided that the BOE would pay the NJSBA $6,850 for, in essence, assisting the BOE in its search for a new Superintendent. [See id., ¶¶ 1-6.] Specifically, the BOE alleges that

> NJSBA was required to perform superintendent search services including an initial visit, obtain community and staff input, develop criteria, provide an initial report, secure candidates, process applications, provide a second report, screen applicants including delivering search materials to [the BOE] and provide a transition workshop within 90 days of the superintendent's commencement of services.

[Id., ¶ 6.]

The BOE alleges that the NJSBA breached the Agreement because it did not "properly evaluate the qualifications of the applicants," nor did it "properly screen" the applicants. [Id., ¶¶ 7-8.] Ultimately, the BOE hired Eitner for the position with the assistance of the NJSBA. [Id., ¶ 9.] The BOE relies on Plaintiffs' Complaints, which allege that "Eitner . . . had previously been placed on leave as the Assistant Principal at Long Valley Middle School and that Long Valley declined to discuss the circumstances involved in Eitner's leave of absence or resignation." [Id.] The BOE also alleges that Eitner was the subject of a grievance, including "a claim of alleged harassment similar to those now raised by" Plaintiffs, while he "was employed at the Lower Alloways Creek school district from 2013 to 2015." [Id., ¶ 12-13.] The BOE alleges that the NJSBA never notified the BOE of this, even though the NJSBA "knew about . . . or should have known about" Eitner's

4

prior employment history. [Id., ¶¶ 10-11, 14-15.] Plaintiffs' Complaints now allege that the BOE, inter alia, "act[ed] negligently, carelessly and/or in a palpably unreasonable manner in hiring Eitner." [Id., ¶ 16.] In its Third-Party Complaint, the BOE places the blame on the NJSBA, who it alleges "failed to perform [its] contractual duties to [the BOE] including the screening and evaluation of qualifications of potential candidates for superintendent including candidate Eitner." [Id., ¶ 17.] This, the BOE argues, constituted a breach of the Agreement and caused the BOE to suffer damages. [Id., ¶ 19.] Therefore, the BOE seeks compensatory damages and costs and attorneys' fees, plus interest. [See id.]

The BOE filed its Third-Party Complaints in each of the Cases on January 24, 2020. They each allege one count of breach of contract against the NJSBA. The NJSBA filed its Motions to Dismiss on October 23, 2020. The BOE timely responded on November 23, 2020. Finally, the NJSBA timely replied on November 30, 2020. The Third-Party Complaints, Motions, Responses, and Replies are all essentially identical, respectively, across the three Cases.

**II. STANDARD**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light

most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. Of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached

6

to the complaint and matters of public record." Schmidt, 770 F.3d at 249 (citing Pension Benefit Guar. Corp., 998 F.2d at 1196).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

## III. ANALYSIS

In New Jersey, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007); see also Lukoil N. Am. LLC v. Turnersville Petroleum Inc., Civil No. 14-3810 (RMB/AMD), 2015 U.S. Dist. LEXIS 50088, at *15 (D.N.J. Apr. 16, 2015) (listing the same first three elements —

contract, breach, and damages — and noting that "[o]ther Courts in this Circuit have required a fourth element: that the party asserting the claim for breach of contract allege that it was performing its obligations under the contract").

The NJSBA's Motions to Dismiss puts forth three arguments. First, NJSBA argues that the Individual Defendants cannot state a claim because they were not parties to the contract, which was between only the NJSBA and the BOE. [Motions, at 7.] As noted above, the BOE conceded this argument and the Individual Defendants' claims will be dismissed. [Responses, at 6.]

Second, the NJSBA argues that the BOE fails to allege that it performed its duties under the contract. [Motions, at 6-7.] However, the BOE explicitly alleges in the Third-Party Complaints that it "paid in full the payment owed to [the] NJSBA." [Third-Party Complaints, ¶ 4.] That satisfies the fourth element of a breach of contract claim. See Rotante v. Franklin Lakes Bd. of Educ., Civil Action No. 13-3380 (JLL)(JAD), 2014 U.S. Dist. LEXIS 162670, at *18 (D.N.J. Nov. 20, 2014) (dismissing a breach of contract claim because the plaintiff "fail[ed] to provide any facts which point to the Plaintiff performing his own contractual duties" (emphasis added)). Because Plaintiff has alleged facts that suggest that it performed its obligations under the Agreement, the NJSBA's argument with respect to this element is unavailing and the Third-Party Complaints will not be dismissed on that basis.

8

Finally, the NJSBA argues that the BOE should be precluded from seeking any damages in excess of $6,850 — the contract price. [Motions, at 7-10.] The NJSBA argues that any damages beyond the contract price were not foreseeable to the parties at the time of the Agreement. [Id.] The NJSBA is correct that a breaching party's liability is limited to foreseeable damages. See Totaro, Duffy, Cannova & Co., L.L.C. v. Lane, Middleton & Co., L.L.C., 921 A.2d 1100, 1107-08 (N.J. 2007) ("Under contract law, a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract." (quoting Pickett v. Lloyd's, 621 A.2d 445, 454 (N.J. 1993)). This, the New Jersey Supreme Court has noted, effectuates the goal of compensatory damages "to put the injured party in as good a position as . . . if performance had been rendered." Id. at 1108 (quoting Donovan v. Bachstadt, 453 A.2d 160, 165 (N.J. 1982)). "What that position is depends upon what the parties reasonably expected. It follows that the defendant is not chargeable for loss that he did not have reason to foresee as a probable result of the breach when the contract was made." Id. (quoting Donovan, 453 A.2d at 444).

However, under certain circumstances, a plaintiff can recover attorneys' fees and costs in a breach of contract case. "A plaintiff has the right to recover attorney's fees incurred in other litigation with a third person, if he became involved in that litigation as a result of a breach of contract or tortious

9

act by the present defendant." In re Estate of Lash, 776 A.2d 765, 771-72 (N.J. 2001) (citation omitted). As above, "[i]f a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages." Verhagen v. Platt, 61 A.2d 892, 895 (N.J. 1948).

Therefore, the question of damages turns entirely on foreseeability. The BOE argues that the damages here were foreseeable because the NJSBA knew or should have known about Eitner's spotty work history. The BOE argues that Eitner's past behaviors made it foreseeable that if he was hired, he would engage in the behavior Plaintiffs allege he engaged in, and the BOE would be sued by Plaintiffs.

At this stage, the Court finds that, accepting the BOE's allegations to be true and viewing them in the light most favorable to the BOE, the allegations in the Third-Party Complaint are sufficient to "entitle[]" the BOE "to offer evidence to support the claim." See Twombly, 550 U.S. at 563 n.8 (quoting Scheuer, 416 U.S. at 236).[4] Therefore, the Court will not grant that aspect of the NJSBA's Motions, either.

---

[4] The Court is unconvinced by the NJSBA's argument that the economic loss doctrine prohibits the BOE from recovering more than the contract amount. If the BOE proves its claims, its damages will be limited to the amount that was reasonably foreseeable at the time

10

**IV. CONCLUSION**

For the reasons expressed above, the Court will deny the NJSBA's Motions to Dismiss. An accompanying Order shall issue.

| | |
|---|---|
| April 13, 2021 | s/Renée Marie Bumb |
| Date | RENÉE MARIE BUMB |
| | United States District Judge |

---

the parties entered the contract. To put a cap on that amount, given the above analysis, would be inappropriate.